UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DAVID LARTEY,

                Plaintiff,

        -against-

SHOPRITE SUPERMARKETS, INC.,

                Defendant.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 14, 2011

08 Civ. 8272 (PAC) (LMS)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

      David Lartey ("Lartey") brings this action, pro se, against his former employer, Shoprite Supermarkets, Inc. ("Shoprite"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII) and New York Human Rights Law, Executive Law § 290 ("NYHRL").[1] Lartey, who is Ghanaian, asserts that Shoprite terminated him in retaliation for alerting management to other employees' complaints, and also because of his national origin. (Comp. ¶¶ 13-16, 21, 24-29, 30-35). The Court referred general pretrial matters and dispositive motions to Magistrate Judge Lisa Margaret Smith; Shoprite moved for summary judgment. (Dkt. 19, 41). On December 9, 2010, Magistrate Judge Smith issued a Report and Recommendation ("R&R") recommending that the Court grant the motion for summary judgment as a matter of law. The R&R provided seventeen days for written objections, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 6(d) and 72(b). No objections have been filed. For the reasons that follow, the Court ADOPTS the R&R in full and GRANTS Shoprite's motion for summary judgment.

---

[1] Courts apply the same standard of analysis under Title VII and NYHRL. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000).

1

## BACKGROUND[2]

Lartey was an employee of Big V Supermarkets when Shoprite acquired it in 2002. Shoprite routinely gives all employees a handbook explaining its employment policies and procedures, which they were expected to follow. Lartey admits that he received this handbook and attended a training on sexual harassment.

During his employment with Shoprite, which included supervisory positions, Lartey was transferred several times. He also received several disciplinary notices, including a warning for a sexual harassment complaint against him, several notifications of formal disciplinary action stemming from tardiness, and a written warning due to his failure to follow proper procedure in handling a sexual harassment complaint from a subordinate employee. Sometime after February 2007, Lartey relayed to management the complaints of certain employees concerning their work schedules. On July 12, 2007, an employee under Lartey's supervision filed a sexual harassment complaint against him. During Shoprite's investigation of this complaint, Lartey admitted hugging and touching female subordinate employees and, at times, loaning his employees money. Shoprite terminated Lartey on July 23, 2007, purportedly based on his admissions and disciplinary history. It never rendered a decision concerning the sexual harassment complaint.

On December 14, 2007, Lartey filed a complaint with the New York State Division of Human Rights and the Equal Employment Opportunity Commission. He commenced the present lawsuit against Shoprite on September 26, 2008, asserting a claim for retaliation, based on his conveyance to management of other employees' complaints, and for discrimination based on national origin. (Compl. ¶¶ 13-16.) After the close of discovery, Shoprite moved for summary judgment, which Lartey opposed. (Dkt. 51).

---

[2] The facts in this section are taken from the R&R.

2

On December 9, 2010, Magistrate Judge Lisa Margret Smith issued the R&R, recommending that the Court grant the motion for summary judgment. (R&R at 2.) She recommended dismissing the retaliation claim because (1) besides Lartey's termination, there was no adverse employment action; (2) the conveyance of employee complaints was not protected activity under Title VII; and (3) in any event, Lartey failed to offer evidence to rebut Shoprite's legitimate nonretaliatory reason for terminating him. (Id. at 9-20.) Magistrate Judge Smith also recommended dismissing the discrimination claims because (1) only his termination rose to the level of adverse employment action; (2) Lartey's discharge did not occur under circumstances giving rise to an inference of national origin discrimination; and (3) Lartey failed to offer evidence to rebut the legitimate nondiscriminatory reason proffered by Shoprite for terminating him. (Id. at 22-25.)

## DISCUSSION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).

**I.   Retaliation Claim**

In order to establish a prima facie claim of retaliation under Title VII, a plaintiff must show: "(1) [his or her] participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005). To rise to the level of an adverse employment action for retaliation

purposes, the plaintiff must prove that "a reasonable employee would have found the challenged action materially adverse." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). After the plaintiff has established a prima facie case of retaliation, the burden shifts to the defendant to proffer a legitimate, nonretaliatory reason for the adverse action. Kaytor v. Elec. Boat Corp., 609 F.3d 537, 552-53 (2d Cir. 2010).  If the defendant does so, the plaintiff must produce some evidence that this proffered reason is in fact a pretext for retaliation. Id. at 553.

Lartey argues that he was "unfairly scrutinized," disciplined, and terminated in retaliation for relaying to management other employees' complaints about their work schedules.  He admits, however, that he never informed management that the complaints included allegations of discrimination.  Since workplace complaints only fall under the protection of Title VII when the employer is aware that they involve discrimination, Magistrate Judge Smith did not err in rejecting the retaliation claim on the grounds that this activity is not protected. See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998).

Additionally, Shoprite has produced evidence that Lartey was terminated for a legitimate nonretaliatory reason—his disciplinary history, and admissions that he touched and hugged female employees, and loaned money to employees, in violation of Shoprite's sexual harassment and conflict of interest policies. (R&R at 15.)  Lartey produced no credible evidence of pretext, and his deposition testimony confirmed that he violated internal policy. (Id. at 20.)  Even if Lartey had made out a prima facie case, therefore, Magistrate Judge Smith correctly determined that he failed to offer any evidence to rebut this lawful, nonretaliatory reason for his termination.

Accordingly, this Court adopts Magistrate Judge Smith's recommendation to grant Shoprite's motion for summary judgment on the retaliation claim.

**II.     Discrimination Claim**

A plaintiff can establish a <u>prima facie</u> case of discrimination by showing that he or she "(1) is a member of a protected class; (2) was performing his or her duty satisfactorily; (3) was discharged [or otherwise subject to adverse employment action]; and [] (4) [the adverse employment action] occurred under circumstances giving rise to an inference of discrimination on the basis of his or her membership in the protected class." <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 38 (2d Cir. 2000).  Once a <u>prima facie</u> case of discrimination has been established, the Court employs the same burden-shifting paradigm described for retaliation claims. <u>See</u> <u>McDonnell-Douglas Corp. v. Green</u>. 411 U.S. 792, 802-05 (1973).  To constitute adverse employment action for discrimination purposes, there must be some "materially adverse change in the terms and conditions of employment"—a higher bar than for retaliation claims. <u>Galabya v. N.Y. City Bd. of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotations omitted); <u>see Burlington</u>, 548 U.S. at 67-68.

Lartey claims that "defendants repeatedly referred to [him] as 'the African,'" giving rise to the inference that his termination was discriminatory. (Mem. in Opp. 1.)  He testified at his deposition, however, that he did not hear any of these discriminatory comments but rather was told of them by a third party.  He has not provided any affidavits from witnesses claiming to have heard such remarks.  Magistrate Judge Smith correctly determined that hearsay statements are not admissible to support a claim of discrimination.

In addition, as discussed, Shoprite has proffered evidence that Lartey was terminated for a legitimate nondiscriminatory reason.  Since Lartey has offered no evidence to rebut this lawful reason, no reasonable fact finder could find that he carried his burden of proof.  Accordingly, the Court grants Shoprite's motion for summary judgment on the discrimination claim.

## CONCLUSION

Finding no clear error, the Court ADOPTS the R&R in full. It finds that there are no issues of material fact that support the continuation of this action. Accordingly, the Court GRANTS the defendant's motion for summary judgment in its entirety, dismissing the plaintiff's claims of retaliation and discrimination. The Clerk of Court is directed to terminate this case.

Dated: New York, New York
      June 13, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

David Lartey
50 Yonkers Terrance #1G
Yonkers, NY 10704